### State of Maine *vs.* Simeon G. Davis.

Kennebec.    Opinion August 3, 1888.

*Indictment. Nuisance. Stationary engine. R. S., c. 17, § § 17, 18.*

An indictment for erecting and using a stationary steam engine without license must allege the use of the engine without license at a specified time and place.

On exceptions from the superior court.

The exceptions were to the ruling of the court in overruling a demurrer to the following indictment.

"State of Maine. Kennebec, ss. At the superior court, begun and holden at Augusta, within and for the county of Kennebec, on the first Tuesday of September, in the year of our Lord one thousand eight hundred and eighty-seven.

"The jurors for said state, upon their oath present, that Simeon G. Davis, of Winthrop, in said county of Kennebec, on the first day of January, in the year of our Lord one thousand eight hundred and eighty-seven, at Winthrop, in said county of Kennebec, did, without having been granted license therefor by the municipal officers of the said town of Winthrop, designating the place where the buildings therefor should be erected, the materials and mode of construction, the size of the boiler and furnace, and such provision as to height of chimneys or flues, and protection against fire and explosion as they the said municipal officers of said town of Winthrop then and there judged proper for

the safety of the neighborhood, where said stationary steam engine was erected, erect a stationary steam engine ; and so the jurors aforesaid upon their oath aforesaid, do say and present, that the said Simeon G. Davis did then and erect a common nuisance.

"And the jurors aforesaid upon their oath aforesaid, do further say and present, that said Simeon G. Davis, at Winthrop aforesaid, in the county of Kennebec aforesaid, on the first day of January, in the year of our Lord one thousand eight hundred and eighty-seven, without having been granted license therefor from the municipal officers of the said town of Winthrop, designating the place where the buildings therefor should be erected, the materials and mode of construction, the size of the boiler and furnace, and such provisions as to height of chimneys or flues, and protection against fire and explosion as they, the said municipal officers of said town of Winthrop, judged proper for the safety of the neighborhood, erect a stationary steam engine ; and so the jurors aforesaid upon their oath aforesaid, do say and present that the said Simeon G. Davis, at said Winthrop, in said county of Kennebec, on the said day of January in the year of our Lord one thousand eight hundred and eighty-seven, did cause a common nuisance.

"And the jurors aforesaid, upon their oath aforesaid, do further say and present, that the said Simeon G. Davis, on the said first day of January, in the year of our Lord one thousand eight hundred and eighty-seven, and from that day until the day of the finding of this indictment, at Winthrop aforesaid, in the county of Kennebec, aforesaid, a stationary steam engine before that time unlawfully erected in said town of Winthrop, by the said Simeon G. Davis, without any license to him the said Simeon G. Davis, granted by the municipal officers of the said town of Winthrop, in said county, designating the place where the buildings therefor should be erected, the materials and mode of construction, the size of the boiler and furnace, and such provisions as to height of chimneys or flues, and protection against fire and explosion as they, the said municipal officers of said town of Winthrop, judged proper for the safety of the neighborhood, unlawfully did use.   And so the jurors aforesaid

upon their oath aforesaid, do say and present, that the said Simeon G. Davis on the said first day of January, in the year of our Lord one thousand eight hundred and eighty-seven, and thence continually until the day of the finding of this indictment unlawfully did continue a common nuisance.

"Against the peace of the state and contrary to the form of the statute in such case made and provided.

"L. T. Carleton,            A true bill,
  County Attorney.   ,  D. N. Gower, Foreman."

*L. T. Carleton*, county attorney, for the state. .

*J. H. Potter*, for the defendant, cited : *Preston* v. *Drew*, 33 Maine, 558 ; *Brightman* v. *Bristol*, 65 Maine, 426 ; *State* v. *Philbrick*, 31 Maine, 403 ; *Com.* v. *Moore*, 11 Cush. 600 ; *Com.* v. *Bartley*, 138 Mass. 181 ; *Com.* v. *Maxwell*, 2 Pick. 139 ; *Com.* v. *Newburyport Bridge*, 9 Pick. 142 ; *Com.* v. *Shaw*, 7 Met. 52 ; *Com.* v. *Intox. Liq.* 138 Mass. 506 ; *Turns* v. *Com.* 6 Met. 224 ; *Com.* v. *Arnold*, 4 Pick. 251 ; *State* v. *Thurston*, 35 Maine, 205 ; *State* v. *Hanson*, 39 Maine, 337 ; *State* v. *Baker*, 50 Maine, 45 ; *Com.* v. *Adams*, 1 Gray, 481.

DANFORTH, J. This is a demurrer to an indictment for maintaining a common nuisance under R. S., c. 17, § § 17 and 19.

Section seventeen provides that, "No stationary steam engine shall be erected in a town, until the municipal officers have granted license therefor," under certain restrictions therein named.

Section nineteen provides that, "Any such engine erected without a license shall be deemed a common nuisance without other proof than its use."

Thus it will be seen that the erection of an engine without the prescribed license, though prohibited, is not legally a nuisance, but the use of such an one is. It would therefore seem to be immaterial whether the person using, is the same as the person erecting, or otherwise. But the use and the want of a license must concur. Both facts are material and traversable. Hence both must be alleged and as of a certain specified time and place.

In the first and second counts in the indictment the erection of the engine without a license, with the specified time and place, is alleged; but there is no allegation of use.

In the third count the two facts are alleged, but the specific time applies to the use only. The allegation of the want of a license is, simply, that it was "before that time," thus leaving it entirely uncertain whether that want had not been supplied, as it might have been, before the use of the engine.

As the two facts, the use and want of license, must exist at the same point of time, to make the engine a common nuisance every allegation in the indictment may be proved as laid, and yet the respondent guilty of no crime.

> *Exceptions sustained. Demurrer sustained. Indictment bad.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and FOSTER, JJ., concurred.